Connor Lumber & Land Company, Respondent, vs. Industrial Commission and another, Appellants.*

*November 12—December 7, 1943.*

* Motion for rehearing denied, without costs, on February 15, 1944.

For the appellant Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent there was a brief by *Brazeau & Graves* of Wisconsin Rapids, and oral argument by *R. B. Graves.*

FRITZ, J.   The defendants, Drunkowski and the Industrial Commission, appeal from a judgment setting aside an award

made by the commission for the payment of compensation paid by plaintiff, Connor Lumber & Land Company, to Drunkowski, who was injured while working in plaintiff's employment as a farm laborer on a farm operated by plaintiff. Its principal business was logging, manufacturing and dealing in lumber, but it also owned and operated the farm, on which Drunkowski and more than three others were usually employed. Some of the farm products were used in plaintiff's business operations and some were sold through its company store. At the time of Drunkowski's injury plaintiff was self-insured under the compensation act by reason of its compliance with the provisions in sec. 102.28 (2), Stats., in relation to an employer qualifying to be exempt from insuring his liability for compensation; but plaintiff had an excess coverage policy insuring it against compensation liability in excess of $10,000. Plaintiff had voluntarily paid Drunkowski's compensation for sixty-four weeks before he filed the application pursuant to which the commission made the award which the court set aside.

The question on this appeal is whether Drunkowski as a farm employee, working for plaintiff on its farm, was included under the compensation act. The nature of his employment and of plaintiff's operations on its farm were such that, under the provision in sub. (2) of sec. 102.05, Stats., that "This subsection shall not apply to farmers or to farm labor," neither Drunkowski nor the plaintiff as his employer was subject to the compensation act, in the absence of the election on the part of the employer to become subject thereto either by filing under sec. 102.05 (1), Stats., a written statement that it accepts the provisions of the act, or by the employer entering into a contract for compensation insurance which shows by the terms of the policy the employer's intent to elect to include farm laborers, so that the employer entering into such contract shall be deemed,—under the following

provisions in sub. (3) of sec. 102.05, Stats.,—to have elected to accept the provisions of the compensation act, to wit:

"(3) Any employer who shall enter into a contract for the insurance of compensation, or against liability therefor, shall be deemed thereby to have elected to accept the provisions of this chapter, and such election shall include farm laborers, domestic servants and employees not in the course of a trade, business, profession or occupation of the employer if such intent is shown by the terms of the policy. . . ."

Drunkowski and the commission contend that under those provisions plaintiff should be deemed to have elected, as the employer, to have its farm laborers included under the compensation act by reason of the following matters stated in the policy issued to plaintiff for insurance against compensation liability in excess of $10,000, to wit: Under the listing in a column of the policy entitled, "Locations & Classifications of Operations," there is included in addition to an item reading: "Logging or lumbering, including transportation of logs to mill; construction, operation, maintenance, or extension of logging roads or logging railroads; and drivers, and chauffeurs and their helpers. (Mill operations to be separately rated)" the following item: "Farm labor—including drivers, chauffeurs, and their helpers;" and in relation to the latter item there is listed in the column entitled, "Estimated Annual Remuneration," the item of $8,400; and also listed in the column entitled, "Est. Ann. Premium Comp.," the item of $19.07. Subsequently there is in the policy the provision that:

"This policy shall not cover liability for injury to any farm employee or any employees not employed in the course of a trade, business, profession or occupation of this employer, unless such employee is subject to the Workmen's Compensation Law."

That is the only provision which obviously was in the policy for the sole purpose of expressly stating what employees were

intended not to be included in the coverage afforded thereby. Defendants contend that notwithstanding that provision, the intent to cover liability for injury to any farm employee,—so that by virtue of the above-quoted provision in sec. 102.05 (3), Stats., the employer shall be deemed·thereby to have elected to have its farm laborers included under the compensation act,—is shown by also including in the listings in the policy the item of *"Farm labor*—including drivers, chauffeurs, and their helpers,"* which is in the column entitled "Locations & Classifications of Operations," and by stating in connection with that item the amounts above mentioned, which are listed in the columns entitled "Estimated Annual Remuneration" and "Est. Ann. Premium." To support their contention defendants argue that the term "any farm employee" in the above-quoted provision in the policy is modified by the adjective phrase "not employed in the course of a trade, business, profession or occupation of this employer;" and that therefore there are excluded by the provision only such farm employees as were not employed in the course of the trade, business, profession, or occupation of the employer; and that as Drunkowski's employment as a farm laborer was in the course of plaintiff's business he was not excluded by that provision from the coverage under the policy.

By the unambiguous language in the above-quoted provision that "This policy shall not cover liability for injury to any farm employee," every farm employee is expressly excluded from the coverage under the policy. The intended meaning of the word "employee" as used in that clause is clearly and definitely expressed by the words "any farm employee." By the subsequent language in the above-quoted provision there are excluded also from such coverage "any employees not employed in the course of a trade, business, profession or occupation of this employer, unless such employee is subject to the Workmen's Compensation Law." The evident purpose of the adjective phrase, "not employed in the course of a trade,

business, profession or occupation of this employer," as it is used in that quotation, is to modify its immediately antecedent term "any employees." There is nothing to indicate that the phrase as used in that provision was intended to modify also the previously defined term "any farm employee." As the provision is worded, the farm employee is definitely set apart as in a class not covered by the policy. Although there is included in the listings under the "Classifications of Operations" in the policy the item of "Farm labor" together with the amounts of the estimated annual remuneration therefor and the estimated annual premium based thereon, nothing is provided in connection therewith which can be considered to show any intent to thereby elect to include farm employees within the coverage notwithstanding the above-quoted express provision to the contrary. Even though the matters thus listed for another purpose may seem somewhat inconsistent with that provision, they cannot be held to govern or defeat the express purpose and effect thereof.

*By the Court.*—Judgment affirmed.

FOWLER, J. (*dissenting*). The plaintiff included in the compensation insurance policy it took out in the list of employees covered by the policy those engaged in "farm labor, including drivers, chauffeurs, and other helpers."

That the company understood the policy covered farm laborers appears from the following stipulation entered into in the proceedings before the Industrial Commission, made when it asked for review of the examiner's award by the commission:

"That the reason and ground for said review is that the insurance policy referred to covered liability of the company to employees engaged in farm labor only to the extent that such liability exceeded the sum of $10,000 and there was no coverage in fact for the disability sustained by the applicant herein."

This stipulation was signed by the attorneys of the company.

The policy above referred to provides that it does "not cover liability for injury to any farm employee . . . unless such employee is subject to the Workmen's Compensation Law." From this it follows that if a farm laborer is subject to the Workmen's Compensation Law the company is liable for compensation under that law.

Sub. (3) of sec. 102.05, Stats., quoted in the court's opinion, provides that when an employer enters into a contract for insurance of compensation, this operates as an election to come under the act, and "such election shall include farm laborers . . . if such intent is shown by the terms of the policy."

The terms of the policy above referred to clearly indicate, in my opinion, an intent of the company to elect to bring farm laborers under the compensation act.

It cannot be denied, especially under the stipulation above quoted, that the company elected to bring farm laborers under the act in case the injury involved was compensable under the act in excess of $10,000. And if farm laborers are within the act if their injury is compensable in excess of $10,000, they are also under the act if it is compensable in less than that amount. There is nothing in the act to warrant or permit including farm laborers receiving injuries of one class and excluding those receiving injuries of another class. If farm laborers of one class are within the act all farm laborers are. It was expressly so held as to employees of a railroad company in *Minneapolis, St. P. & S. S. M. R. Co. v. Industrial Comm.* 153 Wis. 552, 554, 141 N. W. 1119.

That the company intended to bring farm laborers within the act appears from the fact that for sixty-four weeks it paid the applicant compensation for temporary disability as provided by the act and paid his hospital and doctor's bills. The company plainly understood that the applicant was under the act, and if it had not intended to bring all farm employees

under the act when it took out its policy it would not have so understood. The company understood the applicant was under the act until advised by counsel to the contrary. It might under advice of counsel repudiate its understanding if as matter of law that understanding was erroneous, but it could not repudiate its original intent. The Industrial Commission impliedly found as fact the original intent as above stated. That conclusion is supported by the evidence comprised in the policy and the company's acts. That finding being so supported it is conclusive on the courts by the terms of the act.

For the reasons above stated I am of opinion that the judgment of the circuit court should be reversed and the record remanded with directions to affirm the award of the commission.